UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AHMED S. SALEM                                          CIVIL ACTION

VERSUS                                                  NO:     17-11646

MONSANTO COMPANY

## ORDER

Before the Court is Plaintiff's **Motion for Leave of Court to File First Amended Complaint (R. Doc. 12).** The motion is opposed. R. Doc. 20. The motion was heard on the briefs.

**I.    Background**

The instant action was filed by Plaintiff, Ahmed S. Salem, against the Monsanto Company ("Monsanto") alleging violations of the ADA Amendments Act of 2008, the Family and Medical Leave Act, and Title VII of the Civil Rights Act of 1964. R. Doc. 1. Plaintiff states he was born in Egypt, has Egyptian parents, and became a United States citizen in 2011. *Id.* He states that he was hired by Monsanto on June 18, 2012 as a Process Engineer at Monsanto's Luling, Louisiana plant. He alleges that during his employment the plant was successful and he had an excellent employment record with no disciplinary actions. *Id.* at p. 2. Plaintiff states he learned his father, who lives in Egypt was suffering from a life-threatening illness and went to visit him in December of 2015. He alleges that in January 2016 he was in a deep depression after the visit, went back to work during which time he suffered from insomnia and inability to concentrate, which he attributed to depression, stress, and anxiety. *Id.* at p. 3.

Plaintiff alleges that he met with Monsanto Human Relations on January 7, 2016, about these conditions over his father's grave illness and being so far away and asked how he could return to Egypt without losing his job. He contends he was told that he could see a doctor and if his condition was verified could he apply for short-term disability or apply for FMLA leave without seeing a doctor.

1

*Id.* Plaintiff states he saw a doctor who prescribed him antidepressants and recommended he not return to the workplace for eight weeks at which time he submitted a claim for short-term disability and discussed with a fellow employee, whose national origin is from the United States, her experience with short-term disability. *Id.* at pp. 3-4. Plaintiff states he knows many employees of Monsanto who have gone out on short-term disability. *Id.* at p. 4.

Plaintiff contends he informed his supervisor of his depression, doctor's recommendation, and told the supervisor he had trouble concentrating to the point he thought he was a safety risk. Further, he alleges that both his supervisor and HR approved of a leave of absence for eight weeks while his short-terms disability claim was pending. *Id.* at p. 4.

According to the Plaintiff, he traveled to Egypt and while in Egypt he was asked to provide a second medical opinion on his disability, he explained he was out of the country, and was informed that he would need to provide a second medical opinion from a licensed U.S. psychiatrist. *Id.* at p. 5. Plaintiff states on February 5, 2016, his claims for short-term disability benefits was denied. Further, he alleges in on March 24, 2017, he was informed by email to complete the necessary medical paperwork and on April 5, 2016, he was notified that all the paperwork had been received. *Id.*

Plaintiff alleges that on April 14, 2016, he was informed his FMLA was approved and the 12-weeks of FMLA leave ended on April 8, 2016, three days after the application was received. He further contends he was informed because he had exhausted the FMLA leave he would be terminated if he did not return to work by April 18, 2016. *Id.* Plaintiff states he was unable to substitute care for his father, and travel from Egypt to Louisiana in that period of time and he was terminated on April 18, 2016. *Id.* at p. 6 Plaintiff states that he received his right to sue letter from the EEOC and filed this lawsuit within 90 days of its receipt.

Plaintiff alleges that Monsanto wrongfully terminated him for taking authorized leave under the FMLA, and Monsanto failed to provide the required notice under the statute. *Id.* at pp. 6-7.

Plaintiff alleges that he is a person with a disability under the ADAAA and Monsanto failed to engage in a process to provide a reasonable accommodation for his disability. *Id.* at p. 7. Finally, Plaintiff alleges he is in a protected class as his national origin is Egyptian, he was qualified for his job, other employees not in a protected class were treated more fairly, and his termination based on exhaustion of leave was a pretext for discrimination. *Id.*

On November 30, 2017, Monsanto filed a partial motion to dismiss for failure to state a claim with respect to Plaintiff's Title VII national origin discrimination claim pending before the Court. R. Doc. 8. Monsanto argues that the complaint contains no factual allegations to support Plaintiff's legal conclusions, and is mere thread-bare recitations of the elements of a Title VII claim. *Id.*

Plaintiff filed the instant motion for leave to amend on January 2, 2018. R. Doc. 12. He argues there is no substantial reason to deny leave to amend because he is not amending to add causes of action, but to "show that he has sufficient facts to proceed with his national original discrimination" claim. R. Doc. 12-1, p. 2.

Monsanto opposes the instant motion. R. Doc. 20. Defendant argues that the proposed amended complaint is identical to the original complaint except for an additional two paragraphs. R. Doc. 20, pp. 1-2. Monsanto contends that these additional paragraphs do not save the Plaintiff's Title VII claim of national origin discrimination. *Id.* at p. 3. Monsanto argues that the amendment is futile and because the amended complaint would not survive a renewed 12(b)(6) motion, the instant motion for leave to amend should be denied. R. Doc. 20, pp. 3-4.

## II.     **Standard of Review**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that

pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.     Analysis

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court has not yet issued a scheduling order in this matter and a scheduling conference is set for March 6, 2018. The Court finds that there is no undue delay, bad faith, or dilatory motive as no deadlines or dates have been set. As such, the first factor weighs in favor of granting the amendment.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is Plaintiff's first motion for leave to amend the complaint. There have not been multiple repeated events to cure deficiencies in this matter. Therefore, the Court finds that the second factor weighs in favor of amendment.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the

defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The Court finds that this amendment does not cause an undue prejudice to the opposing party. The proposed amendment seeks to add two paragraphs meant to address the defendant's motion to dismiss the Title VII claim. This is not fundamentally altering or restricting the case anew. Further, there is no prejudice with respect to requiring the reopening of discovery because the litigation is in the earliest stages and no deadlines or dates have been set. Further, the defendant does not argue that the proposed amendment would cause prejudice. As a result, the Court finds that the third factor weighs in favor of granting the motion to amend.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The proposed amendment complaint adds two paragraphs to the original complaint. The first states that Monsanto faced a similar situation with a similarly situated employee, an electrical engineer, who was Venezuelan and not Egyptian, who left the United States for family reasons, was out of work for four months, and was allowed to continue her employment when she returned. R. Doc. 12-2, p. 8. The second paragraph states that another example of similarly situated employee being treated more favorably was a mechanical engineer in the same department, who was not Egyptian, was absent from work for 5 months due to stress from family issues, and was allowed to continue her employment upon returning to work. *Id.*

Plaintiff argues that these two paragraphs would make the Title VII cause of action "sufficiently supported" to survive the Rule 12(b)(6) motion. R. Doc. 12-1, p. 2. Whereas, Defendant argues the two proposed paragraphs "would not save the Plaintiff's Title VII claim." R. Doc. 20, p. 4. Defendant incorporates by reference its reply memorandum to the motion to dismiss, where it

6

argues that these two paragraphs are insufficient for the Title VII claim to survive a Rule 12(b)(6) motion because these employees are not similarly situated and the paragraphs also show Plaintiff was not treated less favorably. R. Doc. 23, pp. 4-6.

The proposed paragraphs themselves are not facially futile. While Defendant argues that these two paragraphs together with the original complaint would not survive a renewed 12(b)(6) motion, the Court finds that the proper place to address that matter is via a motion to dismiss, not a motion to amend. As such, the Court finds the fourth factor weighs in favor of amendment.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave of Court to File First Amended Complaint (R. Doc. 12)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall file into the record the amended complaint.

New Orleans, Louisiana, this 2nd day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**